UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TIMOTHY SAID CHAMBLISS,**

    **Plaintiff,**

    -vs-                         **CASE NO:**

**BREVARD COUNTY SHERIFF'S OFFICE;**
**WAYNE IVEY; and**
**TYLER HARRELL ;**

    **Defendants.**

_____/

## COMPLAINT

The Plaintiff, Timothy Said Chambliss, by and through his undersigned attorney, sues theDefendants and in support thereof states as follows:

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1. This is an action for damages in excess of Fifteen Thousand and no/100ths Dollars ($15,000.00).

2. At all times material hereto Defendant, Wayne Ivey, was the Sheriff for Brevard County, Florida, employed by Defendant, Brevard County Sheriff's Office, and a resident of Brevard County, Florida. As Sheriff, Wayne Ivey is responsible for setting the policies and procedures of the Brevard County Sheriff's Office. He is

also responsible for the hiring, retention, training and supervision of his deputies. Wayne Ivey is sued in his full capacity.

3. The Brevard County Sheriff's Office is a governmental subdivision that is organized and existing under the laws of the State of Florida and located in Brevard County, Florida.

4. At all times material hereto Defendant, Tyler Harrell, was an officer employed by Defendant, Brevard County Sheriff's Office, acting within the course and scope of his employment.

5. The acts or omissions which give rise to this cause of action all occurred in Brevard County, Florida.

6. Defendant, Brevard County Sheriff's Office, was the employer of Defendants, Wayne Ivey and Tyler Harrell, and who at all times material hereto were acting within the course and scope of their employment with the Brevard County Sheriff's Office. As such the Defendant, Brevard County Sheriff's Office, is responsible for the acts and omissions of said officers.

7. At all times material hereto Defendants, Wayne Ivey and Tyler Harrell, were sworn law enforcement officers employed, hired, trained and supervised by Defendant, Brevard County Sheriff's Office.

8. At all times material hereto Defendants, Brevard County Sheriff's Office, Wayne Ivey and Tyler Harrell, were acting under color of state law, regulation, custom, or usage of the State of Florida.

10. At all times material hereto, all Defendants owed Plaintiff, Timothy Said Chambliss, a duty to act within the confines, bounds, limitations and restrictions of the Constitution of the United States of America and its Amendments, and to refrain from violating the Constitutional rights of Plaintiff, Timothy Said Chambliss.

11. A Notice of Intent was served in compliance with Section 768.28, Florida Statutes, and all of the notices and conditions precedent to the filing of this action have taken place or have been waived. A copy of the Notice of Intent pursuant to Section 768.28, Florida Statutes, and the certified return receipt is attached hereto as Exhibit "A".

12. On or about March 20, 2019 Defendants, Brevard County Sheriff's Office and Wayne Ivey, acting through their officer and employee made contact with the Plaintiff due to him resembling a stolen vehicle suspect.

13. At the time of the arrest, the parties were located at the Peachtree Deli located at 904 Peachtree Street, Cocoa, Florida 32922.

14. Defendants, Brevard County Sheriff's Office and Wayne Ivey, acting through their officers, never witnessed Plaintiff actually driving a vehicle, however, upon giving the Defendant his name, was taken to the ground.

15. During the take down of the Plaintiff, Defendants, Brevard County Sheriff's Office and Wayne Ivey, acting through their officer, Tyler Harrell, began to bash the Plaintiff repeatedly in the head with his prosthetic metal arm.

16. The action of taking a person to the ground and striking them constitutes the use of force and/or force that involves risk of injury, disfigurement, loss or impairment of bodily function or organ.

17. At the time he was forcefully taken to the ground, the Plaintiff was not resisting nor was he trying to get away from the Plaintiff therefore he was not a threat to the officers.

18. At the time he was forcefully stricken, the Plaintiff was face down on the ground with his hands behind his head, with Officer Harrell on top of him, and not a threat to the officers.

19. Plaintiff was face down on the ground with Officer Harrell on top of him at the time Officer Harrell struck him in the head.

20. At no time did Plaintiff, Timothy Said Chambliss, constitute a danger or threat to the officer involved.

4

21. Defendants, Brevard County Sheriff's Office and Wayne Ivey, acting through their officer, Tyler Harrell, unjustifiably used excessive force against Plaintiff, Timothy Said Chambliss, during his arrest.

## COUNT I
## 42 U.S.C. § 1983 - Deprivation of Plaintiffs Civil Rights Against Tyler Harrell

22. Plaintiff, Timothy Said Chambliss, re-alleges and adopts each and every allegation contained in Paragraphs 1 through 21 as if fully stated herein.

23. The actions of Defendant, Tyler Harrell, including the excessive use of force and battery of Plaintiff, Timothy Said Chambliss, violated clearly established law and violated the Constitutional rights of Plaintiff, including Plaintiffs rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, through the wrongful acts of using deadly force against Plaintiff by forcefully striking him in the head multiple times while he was handcuffed and pinned to the ground.

24. The forceful striking of Plaintiff, Timothy Said Chambliss, by Defendant, Tyler Harrell, was entirely unjustified by any actions of Plaintiff and constituted an unreasonable and excessive use of deadly force.

25. The actions alleged above deprived Plaintiff, Timothy Said Chambliss, of clearly defined, established and well settled Constitutional rights of Plaintiff, specifically: (a) the freedom from the use of excessive and unreasonable force; (b)

the freedom from the deprivation of liberty without due process of law; and (c) the freedom from summary punishment.

26. Defendant, Tyler Harrell, acted recklessly and maliciously, or was deliberately indifferent toward Plaintiff, Timothy Said Chambliss, in the deprivation of his Constitutional rights.

27. As a direct and proximate result of the aforementioned acts and/or omissions on the part of Defendant, Tyler Harrell, Plaintiff, Timothy Said Chambliss, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of his injuries, suffered physical handicap, or alternatively suffered an aggravation of a previously existent condition, and he has lost earnings and his ability to earn money has been impaired. His losses are either permanent or continuing in nature and Plaintiff, Timothy Said Chambliss, will suffer these losses in the future.

**WHEREFORE,** the Plaintiff, Timothy Said Chambliss, demands judgment for damages against Defendant, Tyler Harrell, including costs, interests and attorney fees and trial by jury on all issues so triable.

## **COUNT II**

## **42 U.S.C. § 1983-Deprivation of Plaintiffs Civil Rights Against Brevard County Sheriff's Office**

28. Plaintiff, Timothy Said Chambliss, re-alleges and adopts each and every allegation contained in Paragraphs 1 through 21 as if fully stated herein.

29. Defendant, Brevard County Sheriff's Office is liable because of its policy and custom of encouraging, tolerating, permitting, and ratifying a pattern of improper conduct by their officers and employees of which they knew or should have known.

30. Defendant, Brevard County Sheriff's Office, permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable and illegal use of force by its officers and employees. The Defendant further failed to discipline or prosecute known instances of wrongful and excessive use of force by its officers and employees. The Defendant also refused to adequately investigate complaints of previous incidents of wrongful and excessive use of force by its officers and employees and instead caused its officers and employees to believe such conduct was permissible.

31. The Defendant, Brevard County Sheriff's Office, maintained a system of review of complaints of excessive use of force by its officers and employees which has failed to identify the use of excessive force by those officers and employees and

subject those officers and employees, who use excessive force, to discipline, close supervision or retraining to the extent that it has become the de facto policy and custom by the Defendant to tolerate the use of excessive force by the officers and employees.

32. The foregoing acts, omissions and systematic deficiencies are policies and customs of the Defendant, Brevard County Sheriff's Office, and such caused officers and employees of the Defendant to be unaware or alternately unconcerned with the rules and laws governing permissible use of force and to believe that such use of force is entirely within the discretion of the deputies and employees and that such use of force would not be honestly or properly investigated, all with the foreseeable result that officers and employees are more likely to use excessive force in situations where such force is neithernecessary nor reasonable nor legal.

33. As a direct and proximate result of the aforementioned acts and/or omissions on the part of Defendant, Brevard County Sheriff's Office, Plaintiff, Timothy Said Chambliss, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of his injuries, suffered physical handicap, or alternatively suffered an aggravation of a previously existing condition and he has lost earnings and his ability to earn money has been impaired. These

losses are either permanent or continuing in nature and Plaintiff, Timothy Said Chambliss will suffer the losses in the future.

**WHEREFORE,** the Plaintiff, Timothy Said Chambliss, demands judgment for damages against the Defendant, Brevard County Sheriff's Office, including costs, interests and attorney fees and trial by jury on all issues so triable.

## COUNT III

## 42 U.S.C. § 1983-Deprivation of Plaintiff's Civil Rights Against Wayne Ivey

34. Plaintiff, Timothy Said Chambliss, re-alleges and adopts each and every allegationcontained in Paragraphs 1 through 21 as if fully stated herein.

35. Defendant, Wayne Ivey is liable because of his policy and custom of encouraging, tolerating, permitting, and ratifying a pattern of improper conduct by the officers he supervised of which they knew or should have known.

36. Defendant, Wayne Ivey, permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable and illegal use of force by the officers he supervised. The Defendant further failed to discipline or prosecute known instances of wrongful and excessive use of force by the officers he supervised. The Defendant also refused to adequately investigate complaints of previous incidents of wrongful and excessive use of force by the officers he

9

supervised and instead caused the officers he supervised to believe such conduct was permissible.

37. The Defendant, Wayne Ivey, maintained a system of review of complaints of excessive use of force by the officers he supervised which has failed to identify the use of excessive force by those officers and subject those officers, who use excessive force, to discipline, close supervision or retraining to the extent that it has become the de facto policy and custom by the Defendant to tolerate the use of excessive force by the officers.

38. The foregoing acts, omissions and systematic deficiencies are policies and customs of the Defendant, Wayne Ivey, and such caused officers supervised by the Defendant to be unaware or alternately unconcerned with the rules and laws governing permissible use of force and to believe that such use of force is entirely within the discretion of the officers and that such use of force would not be honestly or properly investigated, all with the foreseeable result that officers are more likely to use excessive force in situations where such force is neither necessary nor reasonable nor legal.

39. As a direct and proximate result of the aforementioned acts and/or omissions on the part of Defendant, Wayne Ivey, Plaintiff, Timothy Said Chambliss, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses

in the treatment of his injuries, suffered physical handicap, or alternatively suffered an aggravation of a previously existing condition and he has lost earnings and his ability to earn money has been impaired. These losses are either permanent or continuing in nature and Plaintiff, Timothy Said Chambliss will suffer the losses in the future.

**WHEREFORE,** the Plaintiff, Timothy Said Chambliss, demands judgment for damages against the Defendant, Wayne Ivey, including costs, interests and attorney fees and trial by jury on all issues so triable.

## COUNT IV

### Negligence Against Defendant, Brevard County Sheriff's Office

51. Plaintiff, Timothy Said Chambliss, re-alleges and adopts each and every allegationcontained in Paragraphs 1 through 21 as if fully stated herein.

52. The Defendant, Brevard County Sheriff's Office, acting through its officers and/or employees were negligent in the training, supervision and/or retention of Defendants, Wayne Ivey and Tyler Harrell by failing to properly supervise or train them and/or by failing to properly test and evaluate them and/or by failing to properly evaluate them psychologically and/or by failing to properly investigate complaints filed against prior excessive use of force by Wayne Ivey and Tyler Harrell and/or properly instructor discipline Wayne Ivey and Tyler Harrell.

53. In the alternative, Defendant, Brevard County Sheriff's Office, acting through its officers and/or employees, was negligent in the forceful striking of Plaintiff, Timothy Said Chambliss's head multiple times.

54. As a direct and proximate result of the aforementioned acts and/or omissions on the part of the Defendant, Brevard County Sheriff's Office, Plaintiff, Timothy Said Chambliss, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of his injuries, suffered physical handicap, or alternatively suffered an aggravation of a previously existing condition, and he has lost earnings and his ability to earn money has been impaired. These losses are either permanent or continuing in nature and Plaintiff, Timothy Said Chambliss will suffer these losses in the future.

**WHEREFORE,** the Plaintiff, Timothy Said Chambliss, demands judgment for damages against the Defendant, Brevard County Sheriff's Office, including costs, interests and trial by jury on all issues so triable.

## COUNT V

### Assault and Battery Against Defendants, Brevard County Sheriff's Office and Tyler Harrell

55. Plaintiff, Timothy Said Chambliss, re-alleges and adopts each and every allegation contained in Paragraphs 1 through 21 as if fully stated herein.

56. Defendant, Tyler Harrell, unjustifiably used deadly force against Plaintiff, Timothy Said Chambliss, without Plaintiff's consent when he pinned Plaintiff face down to the ground, causing him to be in imminent fear of his safety and forcefully striking the Plaintiff in the head with a metal prosthetic arm.

57. Plaintiff, Timothy Said Chambliss, is entitled to relief against Defendant, Brevard County Sheriff's Office, in that Defendant, Tyler Harrell, was acting within the course and scope of his employment with Defendant, Brevard County Sheriff's Office, when they used unjustifiable deadly force on Plaintiff. Defendant, Brevard County Sheriff's Office, is vicariously liable for said acts of its officers and employees. In the alternative, Defendant, Tyler Harrell, acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard for the rights and/or safety of Plaintiff.

58. As a direct and proximate result of the aforementioned acts and/or omissions on the part of Defendants, Brevard County Sheriff's Office and Tyler Harrell, Plaintiff, Timothy Said Chambliss, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of his injuries, suffered physical handicap, oralternatively suffered an aggravation of a previously existing condition, and he has lost earnings and his ability to earn money has been impaired.

These losses are either permanent or continuing in nature and Plaintiff, Timothy Said Chambliss will suffer these losses in the future.

**WHEREFORE,** the Plaintiff, Timothy Said Chambliss, demands judgment for damages against the Defendants, Brevard County Sheriff's Office and Tyler Harrell, including costs, interests and trial by jury on all issues so triable.

Respectfully submitted this ____ day of January, 2022.

**CHRISTINA FARLEY LONG, ESQUIRE**
Attorney for the Plaintiff
MARIO GUNDE PETERS & KELLEY
319 Riveredge Boulevard, Suite 107
Cocoa, Florida 32922
(321) 631-0506 - Office
(321) 690-0119 - Fax
Florida Bar Number: 0091056

8187N21M